1  LAURIE E. SHERWOOD, State Bar No. 155312
   lsherwood@wfbm.com
2  ALEXANDER F. PEVZNER, State Bar No. 221606
   apevzner@wfbm.com
3  WFBM, LLP
   601 Montgomery Street, Ninth Floor
4  San Francisco, California 94111-2612
   Telephone: (415) 781-7072
5  Facsimile:  (415) 391-6258

6  Attorneys for Defendants
   JEFFERSON INSURANCE COMPANY
7  AND ALLIANZ OF AMERICA, INC.
   dba AZOA, INC.

8

9                **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  STEPHEN YAGMAN,                    | Case No. CV15-00921-JAK(JCX)

13          Plaintiff,                 | **NOTICE OF MOTION AND
                                        | MOTION TO DISMISS
14      v.                             | PLAINTIFF'S FIRST AMENDED
                                        | COMPLAINT FOR FAILURE TO
15  ALLIANCE INSURANCE, ALLIANZ        | STATE A CLAIM UPON WHICH
    UNDERWRITERS INSURANCE             | RELIEF CAN BE GRANTED
16  COMPANY, ALLIANZ OF                | UNDER FEDERAL RULE 12(b)(6)
    AMERICA, INC., WHICH WILL DO       | AND TO STRIKE CLASS ACTION
17  BUSINESS IN CALIFORNIA AS          | ALLEGATIONS, AND REQUEST
    AZOA, INC., ALLIANZ GLOBAL         | FOR PUNITIVE DAMAGES,
18  RISKS US INSURANCE COMPANY,        | ATTORNEYS' FEES, INJUNCTIVE
    AGA SERVICE COMPANY,               | RELIEF UNDER FEDERAL RULE
19  ALLIANZ GLOBAL ASSISTANCE,         | 12(f), MEMORANDUM OF POINTS
    ALLIANZ TRAVEL INSURANCE,          | AND AUTHORITIES
20  JEFFERSON INSURANCE                |
    COMPANY, and TWENTY                | **Date:   June 8, 2015
21  UNKNOWN NAMED DEFENDANTS           | Time:   8:30 a.m.
    1-20,                              | Place:  Courtroom 750
22                                     | Judge:  Hon. John A. Kronstadt**
            Defendant.                 |
23

24

25

26

27

28
                                        Case No. CV15-00921-JAK(JCX)
   NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND TO
                                        STRIKE

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

# **TABLE OF CONTENTS**

**Page**

NOTICE.................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.......................................3

1.   INTRODUCTION AND RELIEF REQUESTED .......................................4

2.   PROCEDURAL HISTORY AND STATEMENT OF ALLEGED
     FACTS........................................................................................................5

3.   PLAINTIFFS' FIRST AMENDED COMPLAINT IS UNTIMELY
     AND IS A SHAM AMENDMENT. ...........................................................6

4.   PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE
     ANY VIABLE CLAIM AGAINST DEFENDANTS.....................................7

     A.   Legal Standard for a Motion to Dismiss. .........................................7

     B.   Plaintiff's Breach of Contract Claim Fails as Plaintiff Failed to
          Allege Plausible Facts Supporting Breach of Contract. ...................8

     C.   Plaintiff Failed to State a Cause of Action for Fraud. ....................10

     D.   Plaintiff Cannot Assert a RICO Claim as a Matter of Law. ...........11

          i.    Plaintiff Lacks Standing to Assert a RICO Cause of
                Action...................................................................................12

          ii.   Plaintiff Failed to Show that Defendants Engaged In the
                Type of Racketeering Activity Actionable Under RICO. ..........13

                a.   Plaintiff failed to allege any fraudulent conduct on
                     the part of defendants. ................................................13

                b.   Plaintiff fail to plead existence of an enterprise...............14

                c.   Plaintiff fail to plead a "pattern" of racketeering
                     activity. ......................................................................15

     E.   Plaintiff Failed to Allege a Cause of Action for Breach of
          Covenant of Good Faith and Fair Dealing.......................................15

5.   PLAINTIFF'S CLASS ACTION ALLEGATIONS, UNWARRANTED
     PRAYER FOR PUNITIVE DAMAGES, ATTORNEYS FEES AND
     INJUNCTIVE RELIEF, AND IMPROPER INSTRUCTIONS
     REGARDING SERVICE MUST BE STRICKEN FROM THE FIRST
     AMENDED COMPLAINT........................................................................16

     A.   Standard for Motion to Strike. ......................................................16

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

3106807.1
3664-3.3728

B.    As a Matter of Law, Plaintiff Is Not Entitled to Assert Class
      Action Allegations. ............................................................................ 17

C.    Plaintiff's Unwarranted Claim For Punitive Damages Must Be
      Stricken from the First Amended Complaint ........................................ 18

D.    Plaintiff Is Not Entitled to Recover Attorneys' Fees and Such
      Allegations Must Be Stricken. ............................................................. 19

E.    There Is No Basis for Plaintiff's Request for Injunctive Relief. ........... 20

6.    CONCLUSION ................................................................................................ 20

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND TO
STRIKE

3106807.1
3664-3.3728

# TABLE OF AUTHORITIES

**Page**

## CASES

18 U.S.C. § 1961(1) ................................................................15

*Amtower v. Photon Dynamics, Inc.*
158 Cal.App.4th 1582 (2008) ......................................20

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ................................................7, 10, 19

*Babineau v. Paramo*
2014 WL 3529679 (S.D. Cal. 2014) ..........................20

*Bell Atl. Corp. v. Twombly*
550 U.S. 544(2007) .........................................7, 8, 10

*Bergman v. Bank of America*
2013 WL 5863057, at *15 (N.D. Cal. 2013) ..................9

*Brousseau v. Jarrett*
(1977) 73 Cal. App. 3d 864 .......................................19

*Canyon County v. Syngenta Seeds, Inc.*
519 F.3d 969 (9th Cir. 2008) .....................................12

*Cedric Kushner Promotions, Ltd. v. King*
533 U.S. 158 (2001) ..................................................14

*Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co.*
90 Cal. App. 4th 335 (2001) ......................................16

*Cicone v. U.R.S. Corp.*
183 Cal. App. 3d 194 (1987) .....................................10

*Delodder v. Aerotek, Inc.*
2009 WL 3770670 (C.D. Cal. 2009) ..........................20

*Ebaugh v. Rabkin*
(1972) 22 Cal.App.3d 891 ........................................19

*Edwards v. Wells Fargo Bank, N.A.*
2013 WL 3467215 (C.D. Cal.  2013) ..........................17

*Elliott v. Foufas*
867 F.2d 877 (5th Cir. 1989) .....................................13

*First v. Allstate Ins. Co.*
222 F. Supp. 2d 1165 (C.D. Cal. 2002) ......................13

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

-iii-

Case No. CV15-00921-JAK(JCX)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND TO STRIKE

*Friedman v. 24 Hour Fitness USA, Inc.*
   580 F. Supp. 2d 985 (C.D. Cal. 2008)..................................................13

*Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.*
   2012 WL 2798809, at * 5 (E.D. Cal.  2012) ...........................................8

*G. D. Searle & Co. v. Superior Court*
   (1975) 49 Cal.App.3d 22,....................................................................19

*Galt G/S v. JSS Scandinavia*
   142 F.3d 1150 (9th Cir. 1998)............................................................20

*Gonzalez v. Kangas*
   814 F.2d 1411 (9th Cir. 1987)............................................................20

*Hill v. Opus Corp.*
   (C.D. Cal. 2011) 841 F.Supp.2d 1070..................................................13

*Howard v. Am. Online Inc.*
   208 F.3d 741 (9th Cir. 2000)..............................................................15

*In Re GlenFed, Inc. Securities Litigation*
   42 F.3d 1541 (9th Cir. 1994)..............................................................11

*In re Yagman*
   473 F. App'x 800 (9th Cir. 2012) .........................................................8

*Jarvis v. Regan,*
   833 F.2d 149 (9th Cir. 1987)..............................................................13

*Jordan v. Allstate Ins. Co.*
   (2007) 148 Cal.App.4th 1062..............................................................16

*Jordan v. Paul Financial, LLC*
   745 F.Supp.2d 1084 (N.D. Cal. 2010) .................................................11

*Manning v. Boston Med. Ctr. Corp.*
   (1st Cir. 2013) 725 F3d 34 ................................................................17

*McKenzie v. Ellis*
   2012 WL 4050297 (S.D. Cal. Sept. 13, 2012) aff'd, 541 F. App'x 784
   (9th Cir. 2013) ..................................................................................17

*McShane v. United States*
   366 F.2d 286 (9th Cir. 1966)..............................................................18

*Moore v. Kayport Package Exp., Inc.*
   885 F.2d 531 (9th Cir. 1989)..............................................................13

*Nolin v. National Convenience Stores, Inc.*
   95 Cal. App. 3d 279 (1979)................................................................19

*Parks Sch. of Bus. v. Symington*
   51 F.3d 1480 (9th Cir. 1995)................................................................7

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

-iv-    Case No. CV15-00921-JAK(JCX)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND TO STRIKE

*Progressive West Ins. Co. v. Superior Court*
135 Cal. App. 4th 263 (2005) .................................................................16

*Raisin Bargaining Assn. v. Hartford Cas. Ins. Co.*
715 F.Supp.2d 1079, 2010 WL 2106848, at *3 (E.D. Cal. 2010) ...................9

*Randolph v. San Francisco Bay Area Rapid Transit*,
2013 WL 4510600, at *2 (N.D. Cal. Aug. 22, 2013)...................................8

*Robert Suris General Contractor Corp. v. New Metro. Federal Sav. & Loan*
*Ass'n.*
873 F.2d 1401 (11th Cir. 1989).............................................................12

*Robertson v. Dean Witter Reynolds Co.*
749 F.2d 530 (9th Cir. 1984)..................................................................7

*Rosales v. Citibank*
133 F. Supp. 2d 1177 (N.D. Cal. 2001) ................................................17

*Royce Intern. Broadcasting Corp. v. Field*
2000 WL 236434 (N.D. Cal. Feb. 22, 2000)..........................................12

*Russell v. United States*
308 F.2d 78 (9th Cir. 1962)..................................................................17

*SEC v. Todd*
642 F.3d 1207 (9th Cir. 2011)..............................................................11

*Shade Foods, Inc. v. Innovative Prods. Sales & Marketing, Inc.*
78 Cal.App.4th 847 (2000)...................................................................18

*Sidney-Vinson v. A.H. Robins Co.*
697 F. 2d 880 (9th Cir. 1993)...............................................................17

*Silicon Knights, Inc. v. Crystal Dynamics Inc.*
983 F. Supp. 1303 (N.D.Cal. 1997) ......................................................10

*Simon v. Hartford Life, Inc.*
546 F.3d 661 (9th Cir. 2008)................................................................17

*Spiteri v. Russo*
(E.D.N.Y., 2013) 2013 WL 4806960 .....................................................12

*Starr v. Baca*
633 F.3d 1191 (9th Cir 2011)..................................................................8

*Stitt v. Citibank, N.A.*
942 F. Supp. 2d 944 (N.D. Cal. 2013) ...................................................14

*Summerfield v. Strategic Lending Corp.*
2010 WL 3743897 (N.D. Cal. 2010)..................................................12, 14

*Sun Sav. and Loan Ass'n. v. Dierdorff*
825 F. 2d 187 (9th Cir. 1987)...............................................................14

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 941 11-2612
TEL (415) 781-7072 • FAX (415) 391-6258

-v-                Case No. CV15-00921-JAK(JCX)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND TO STRIKE

*Susilo v. Wells Fargo Bank, N.A.*
    (C.D. Cal. 2011) 796 F.Supp.2d 1177 ........................................................... 17

*Sutherland v. Francis*
    2014 WL 879697, at *4 (N.D. Cal. 2014) ...................................................... 8

*Tapley v. Lockwood Green Engineers*
    502 F.2d 559 (8th Cir. 1974) ......................................................................... 17

*Tomaselli v. Transamerica Ins. Co.*
    25 Cal.App.4th 1269 (1994) ........................................................................... 18

*Toole v. Richardson Merrell, Inc.*
    251 Cal. App. 2d 689 (1969) .......................................................................... 19

*United States v. Turkette*
    452 U.S. 576 (1981) ........................................................................................ 14

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) ....................................................................... 11

*Waller v. Truck Ins. Exchange, Inc.*
    11 Cal.4th 1(1995) ............................................................................................ 9

*Walsh v. W. Valley Mission Cmty. Coll. Dist.*
    66 Cal. App. 4th 1532 (1998) .......................................................................... 8

*Wilkerson v. Butler*
    229 F.R.D. 166 (E.D. Cal. 2005) .................................................................. 17

*Yagman v. Galipo*
    2013 WL 6247230, at *2 (C.D. Cal.  2013) ................................................... 8


**STATUTES**

Cal. Code Civ. Proc., § 1021 ................................................................................ 20

Cal. Code Civ. Proc., § 3294(a)-(c) ...................................................................... 18


**FEDERAL STATUTES**

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et
    seq. ...................................................................................................................... 1


**RULES**

Fed. Rules Civ. Proc., rule 9(b) ............................................................. 10, 11, 12, 13

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

3106807.1
3664-3.3728

**NOTICE**

PLEASE TAKE NOTICE that on June 8, 2015, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 750 of the above-captioned Court, located at the United States District Court, Central District of California, 312 North Spring Street, Los Angeles, California, 90012, defendants Jefferson Insurance Company and Allianz of America, Inc. dba AZOA, Inc. (collectively "defendants') will, and do move this Court, pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6) and 12(f), to dismiss plaintiff Stephen Yagman's First Amended Complaint on the grounds that it is untimely, it is a sham amendment, and that the challenged portions of Complaint fail to state any claim upon which relief can be granted as a matter of law.  More specifically, defendants move the Court for relief on the following grounds:

1.   The First Amended Complaint was untimely, and plaintiff did not seek leave of court;

2.   The First Amended Complaint is a sham amendment;

3.   To dismiss the First Amended Complaint in its entirety as it fails to state facts sufficient to support any cause of action against defendants.

4.   Dismiss plaintiff's first count for breach of contract on the grounds that the First Amended Complaint fails to state a claim on which relief may be granted.

5.   Dismiss plaintiff's second count for fraud on the grounds that the First Amended Complaint fails to state a claim on which relief may be granted.

6.   Dismiss plaintiff's third count for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq. ("RICO") as the First Amended Complaint fails to state a claim on which relief may be granted.

7.   Dismiss plaintiff's fourth count for breach of covenant of good faith and fair dealing ("bad faith") as the First Amended Complaint fails to state a claim on which relief may be granted.

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

-1-          Case No. CV15-00921-JAK(JCX)

8.  To strike class action allegations of the First Amended Complaint, as alleged on page 8, line 12, through page 9, line 14, of the First Amended Complaint, on the basis that a pro se individual cannot pursue a representative action under Federal Rules of Civil Procedure, Rule 23.

9.  To strike plaintiff's claim for punitive damages, as alleged on page 9, lines 18 and 19, of the First Amended Complaint, as plaintiff failed to plead sufficient facts for punitive damages under California Code of Civil Procedure section 3294 and cannot satisfy federal pleading requirements.

10. To strike plaintiff's request for attorneys' fees, as alleged on page 9, line 21, as a pro se plaintiff is not entitled to recover attorneys' fees as a matter of law.

11. To strike plaintiff's request for injunctive relief, as plaintiff failed to plead any viable basis for such relief.

This Motion is and will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, filed concurrently, all records presently on file with this Court, all other matters of which the Court shall or may take judicial notice, any reply defendants may make, and such additional evidence and argument as may be presented to the Court before or during the hearing on this Motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Compliance with L.R. 7–3**: This motion is made following a telephone

-2-

Case No. CV15-00921-JAK(JCX)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

conference between Stephen Yagman and defense counsel under L.R. 7–3 which initially took place on February 23, 2015, prior to the filing of defendants' first motion to dismiss.  The FAC does not contain any substantive changes and plaintiff did not oppose the prior motion to dismiss.  Defense counsel attempted to contact Mr. Yagman on April 7, 2015, but has not received a return phone call.

Dated:  April 7, 2015                    WFBM, LLP


                                         By:      */s/Laurie E. Sherwoodr*
                                              LAURIE E. SHERWOOD
                                              ALEXANDER F. PEVZNER
                                              Attorneys for Defendants
                                              JEFFERSON INSURANCE COMPANY
                                              AND ALLIANZ OF AMERICA, INC.
                                              dba AZOA, INC.

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 941 11-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

3106807.1
3664-3.3728

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION AND RELIEF REQUESTED

Previously, on March 2, 2015, defendants filed a motion to dismiss and motion to strike plaintiff Stephen Yagman's Complaint.  Plaintiff did not oppose the motion, and on March 23, 2015, defendants filed a reply stating such.  On March 24, 2015, plaintiff filed his First Amended Complaint ("FAC"), which was untimely.  Moreover, plaintiff simply deleted several defendants from the caption and original Complaint.  There were no substantive changes to the Complaint.  As such, the FAC is nothing more than a sham amendment and an attempt to circumvent his failure to oppose the motion.  On these grounds alone, defendants request that the Court dismiss the FAC.

Because his FAC, with the exception of the deletion of several defendants, contains no substantive changes, the FAC still suffers from the multitude of deficiencies as set forth in defendants' original Motion to Dismiss and Strike, set for hearing on May 4, 2015.  Accordingly, defendants again set forth the bases for granting a motion to dismiss and strike pursuant to Rules 12(b)(6) and 12(f).

Plaintiff Stephen Yagman alleges that he purchased a travel insurance policy provided by defendants Allianz Insurance, Allianz Underwriters Insurance Company, Allianz of America, Inc., Allianz Global Risk US Insurance Company, AGA Service Company, Allianz Global Assistance, Allianz Travel Insurance, and Jefferson Insurance Company (collectively "defendants").  Plaintiff alleges that defendants refused to "indemnify" him for a claim he made to unspecified defendants on December 9, 2014.  Plaintiff averts no facts with respect to his claim.

Plaintiff's FAC consists largely of conclusory labels and assertions, and is devoid of any operative facts.  Plaintiff does not allege any facts with respect to the existence of a contract between him and each defendant, and fails to plead even the most basic factual elements supporting his claim of breach of an insurance contract.  Similarly, plaintiff provides no specific factual allegations with respect to his causes of action for fraud and bad faith.  Additionally, based on the allegations of the FAC, plaintiff has no

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

Case No. CV15-00921-JAK(JCX)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE

1  standing to pursue a Racketeer Influenced and Corrupt Organizations Act ("RICO")

2  claim.  Moreover, plaintiff's class action allegations are improper as a pro se plaintiff,

3  as a matter of law, cannot represent the class and such allegations must be stricken from

4  the FAC.  Similarly, plaintiff's prayer for punitive damages, attorneys' fees, and

5  injunctive relief are unsupported by plaintiff's allegations and must be stricken.

6  **2.     PROCEDURAL HISTORY AND STATEMENT OF ALLEGED FACTS**

7         Plaintiff filed this action on February 9, 2015, against eight defendants, Allianz

8  Insurance, Allianz Underwriters Insurance Company, Allianz of America, Inc., Allianz

9  Global Risk US Insurance Company, AGA Service Company, Allianz Global

10  Assistance, Allianz Travel Insurance, and Jefferson Insurance Company.[1]  On March 2,

11  2105, defendants Jefferson Insurance Company and Allianz of America, Inc. dba

12  AZOA, Inc. (collectively "defendants") timely filed their motion to dismiss and to

13  strike, set for hearing on May 4, 2015.  Based on the Court's standing orders, plaintiff's

14  opposition was due on March 16, 2015.  Plaintiff did not file any opposition.  On March

15  23, 2015, defendants filed a reply asserting that no opposition had been filed and

16  requested that the Court grant the motion in its entirety.  On March 24, 2015, Joseph

17  Reichmann, who is neither the attorney of record in this matter nor signed up for

18  electronic filing for this case, electronically filed the FAC.  The FAC deleted Allianz

19  Underwriters Insurance Company, Allianz Global Risk US Insurance Company, AGA

20  Service Company, Allianz Global Assistance, and Allianz Travel Insurance from the

21  caption and body of the complaint but contained no substantive changes.

22  Accordingly, on April 6, 2015, defendants requested that May 4th hearing remain on

23  calendar.

24         In his FAC, plaintiff alleges that he and defendants entered into a written

25

26  _____

27  [1] Based on information and belief, as of the filing of this motion, plaintiff perfected service with respect to Jefferson Insurance Company and Allianz of America, Inc. dba AZOA, Inc. only.

28

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

1   contract, which is not attached to the FAC but was attached to the original Complaint.

2   (FAC, p. 2:16-17.)  The attached document appears to be a travel insurance contract

3   purchased on September 27, 2014.  (Original Complaint, Exhibit 1.)  At the time the

4   parties entered into the contract, "defendants agreed to insure and to indemnify Yagman

5   as set forth in the contract."  (Complaint, p. 2:18-19.)  Defendants allegedly did not

6   intend to "insure or to indemnify" plaintiff and these representations were "false and

7   misleading."  (Complaint, p. 2:20.)  Plaintiff reported a policy claim to defendants on

8   December 19, 2014.  (Complaint, 2:28.)  Defendants "failed and refused to pay

9   Yagman's claim or to indemnify" plaintiff. (Complaint, p. 3:1-2.) The Complaint does

10  not allege any factual details regarding the claim for "indemnity" made by plaintiff.

11  However, plaintiff was purportedly "injured and damaged by defendants' failure and

12  refusal to pay" his claim.  (Complaint, p. 3:3-4.)  The Complaint appears to plead four

13  counts—none of which are labeled or identified—for breach of contract, fraud,

14  Racketeer Influenced and Corrupt Organizations Act ("RICO"), and breach of covenant

15  of good faith and fair dealing ("bad faith").

16  **3.   PLAINTIFFS' FIRST AMENDED COMPLAINT IS UNTIMELY AND IS A SHAM AMENDMENT.**

17

18          Rule 15(a) permits plaintiff to amend his or her complaint once as a matter of

19  course within 21 days after service of a responsive pleading or a motion under Rule

20  12(b), (e) or (f), whichever occurs first.   Here, plaintiff filed his FAC on March 24,

21  2015, 22 days after service of defendants' motion to dismiss.  Accordingly, plaintiff was

22  required to seek leave of court before filing the FAC.  He failed to do so.  Accordingly,

23  defendants request that the Court dismiss the FAC.

24          Moreover, the FAC is nothing but a sham amendment.  The policy behind Rule

25  15(a) is to allow plaintiff the opportunity to cure the defects in his complaint and

26  possibly avoid the need for a motion to dismiss or narrow the issues.  (Comment to

27  2009 Amendments to FRCP 15.)  Generally, an amended pleading will attempt to cure

28  the defects and set forth new or additional allegations, facts, or claims.

3106807.1
3664-3.3728

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

1     Here, the FAC is identical to the original Complaint except for the deletion of

2 five named parties in the caption and the body of the FAC. This flies in the face of the

3 purpose of Rule 15(a), and is nothing more than plaintiff's transparent attempt to avoid

4 his failure to oppose defendants' motion to dismiss arguably constituting consent to the

5 motion under Local Rule 7-12. Accordingly, defendants request that the Court dismiss

6 plaintiffs' FAC.

7 **4.    PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE ANY VIABLE CLAIM AGAINST DEFENDANTS.**

8     **A.    Legal Standard for a Motion to Dismiss.**

9

10     A motion to dismiss under Federal Rule 12(b)(6) tests the legal sufficiency of the

11 claims alleged in a complaint. (See *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480,

12 1484 (9th Cir. 1995).) Material factual allegations of a complaint are taken as true and

13 construed in the light most favorable to the nonmoving party but courts are not bound

14 to accept as true "a legal conclusion couched as a factual allegation." (*Ashcroft v.*

15 *Iqbal*, 556 U.S. 662, 678 (2009).)

16     A claim may be dismissed as a matter of law for "(1) lack of a cognizable legal

17 theory or (2) insufficient facts under a cognizable legal theory." (*Robertson v. Dean*

18 *Witter Reynolds Co.*, 749 F.2d 530, 534 (9th Cir. 1984).) "While a complaint attacked

19 by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

20 plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

21 than labels and conclusions, and a formulaic recitation of the elements of a cause of

22 action will not do." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544(2007) (internal citations

23 omitted).) In order to defeat a Federal Rule 12(b)(6) motion to dismiss, a claim must be

24 factually supported and plausible on its face; conclusory legal allegations and

25 speculative inferences do not suffice. (*Ashcroft*, *supra*, 556 U.S. 662, at 678.)

26     With respect to pro se litigants, the Ninth Circuit requires that "[f]irst, allegations

27 in a complaint or counterclaim must be sufficiently detailed to give fair notice to the

28 opposing party of the nature of the claim so that the party may effectively defend

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

against it.  Second, the allegations must be sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." (*Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir 2011).)[2]

The FAC fails to demonstrate that plaintiff is entitled to any relief, each of the causes of action in plaintiff's FAC either lack any valid legal basis that would support the relief requested, or plaintiff's alleged facts in support of these causes of action amount to little more than conclusory allegations that this Court is not required to accept.

## B.   Plaintiff's Breach of Contract Claim Fails as Plaintiff Failed to Allege Plausible Facts Supporting Breach of Contract.

Plaintiff fails to state a claim on which relief can be granted with respect to his breach of contract cause of action (count one) because the inadequacy of the facts alleged in the FAC regarding the contract deprives defendants of the ability to respond effectively.  Under California law, a claim for breach of contract consists of four elements:  (1) a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to plaintiff from defendant's breach.  (See *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App. 4th 1532, 1545 (1998).)

To properly state a breach of contract claim, plaintiff must plead sufficient facts to plausibly demonstrate that defendant is liable for a breach of contract.  (*Sutherland v. Francis* 2014 WL 879697, at *4 (N.D. Cal. 2014); *Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.*, 2012 WL 2798809, at * 5 (E.D. Cal.  2012).)  "Facts

---

[2]   Although pleadings submitted by pro se litigants are generally liberally construed and held to a less stringent standard than those drafted by lawyers, a complaint, should nonetheless "be dismissed for failure to state a claim if it fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" (*Randolph v. San Francisco Bay Area Rapid Transit*, 2013 WL 4510600, at *2 (N.D. Cal. Aug. 22, 2013) (quoting *Twombly*, *supra*, 550 U.S. at 554.)  In this, case, however, Yagman is a disbarred attorney. (See e.g. *In re Yagman*, 473 F. App'x 800 (9th Cir. 2012); *Yagman v. Galipo*, 2013 WL 6247230, at *2 (C.D. Cal. 2013).)  Therefore, plaintiff's FAC should be held to the same stringent standards as any litigant represented by counsel.

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

3106807.1
3664-3.3728

alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." (*Bergman v. Bank of America* 2013 WL 5863057, at *15 (N.D. Cal. 2013) (quoting *Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal.App. 4th 1, 5 (2007).)  In a breach of contract action, the allegations must be sufficient to allow the court to compare the allegations of the complaint with the terms of the contract. (See *Raisin Bargaining Assn. v. Hartford Cas. Ins. Co.*, 715 F.Supp.2d 1079, 2010 WL 2106848, at *3 (E.D. Cal. 2010); *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 5 (1995).)

In his FAC, plaintiff alleges nothing more than labels and a formulaic recitation of elements for breach of contract.  As a threshold issue, plaintiff fails to plead existence of a contract between him and each defendant.  While plaintiff attaches the purported contract, the attached policy states that it is issued by Jefferson Insurance Company.  Assuming that reference to the contact is sufficient to plead a existence of contract between plaintiff and Jefferson Insurance Company, plaintiff nonetheless still fails plead any facts with respect to existence of a contract between him and the other named defendants—Allianz Insurance and  Allianz of America, Inc.  It is unclear whether plaintiff believes that each named defendant was also a party to the travel insurance contract he attaches to his original Complaint or whether plaintiff is in fact alleging that he entered into separate agreements with each of defendant.

Moreover, plaintiff fails to plead even the most basic factual elements supporting his claim for breach of an insurance contract.  Nowhere in the FAC does plaintiff allege any facts regarding which benefits he is entitled to, when he became entitled to such benefits, and why he is entitled to such benefits.  More importantly, plaintiff pleads no facts demonstrating that he met any of the conditions precedent entitling him to payment of benefits.  As is clearly stated in the insurance contract, which plaintiff attaches to the original Complaint, the policy plaintiff purchased is a named perils policy, "which means it covers only the specific situations, events or losses included in this document, and only under the conditions **we** describe." (Complaint, Exhibit 1, p.

Case No. CV15-00921-JAK(JCX)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

1  4.) (Emphasis in the original.)  Indeed, plaintiff does not even allege that defendants

2  completed adjustment or denied his claim, only that he "reported a policy claim to

3  defendants" and that defendants "failed and refused to pay Yagman's claim or to

4  indemnify Yagman." (FAC, ¶¶ 13-14.)  Plaintiff does not identify to which of the three

5  named defendants he submitted his claim to, or which of these defendants "failed and

6  refused" to pay him.

7       "Where a complaint pleads facts that are 'merely consistent with' a defendant's

8  liability, it stops short of the line between possibility and plausibility of 'entitlement to

9  relief.'"  (*Iqbal*, *supra*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 557.)  In his

10  FAC, plaintiff failed to allege enough facts to state a claim for breach of contract that is

11  plausible on its face.  Plaintiff's cause of action for breach of contract should be

12  dismissed.

13       **C.     Plaintiff Failed to State a Cause of Action for Fraud.**

14       Plaintiff fails to adequately allege his cause of action for fraud.  The elements of

15  a claim for fraud are (1) misrepresentation by each defendant; (2) each defendant's

16  knowledge of the falsity thereof; (3) each defendant's intent to defraud; (4) plaintiff's

17  justifiable reliance on the alleged misrepresentation; and (5) resulting damage. (*Cicone

18  v. U.R.S. Corp.*, 183 Cal. App. 3d 194, 200 (1987).)  Federal Rules of Civil Procedure,

19  Rule 9(b) heightens the pleading requirements for fraud, requiring that the complaint

20  state the time, place, and specific content of the fraudulent misrepresentation.  (*Silicon

21  Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303, 1305 (N.D.Cal. 1997).)  As

22  the Ninth Circuit Court of Appeal explained:

23            Rule 9(b) requires particularized allegations of the
            circumstances *constituting fraud*. The time, place and
24            content of an alleged misrepresentation may identify the
            statement or the omission complained of, but these
25            circumstances do not "constitute" fraud. The statement in
            question must be false to be fraudulent. Accordingly, our
26            cases have consistently required that circumstances
            indicating falseness be set forth... [W]e [have] observed that
27            plaintiff must include statements regarding the time, place,
            and *nature* of the alleged fraudulent activities, and that "mere
28            conclusory allegations of fraud are insufficient." ... The

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

                                                    -10-          Case No. CV15-00921-JAK(JCX)

> plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading...

(*In Re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) superseded by statute on other grounds as stated in *SEC v. Todd,* 642 F.3d 1207, 1216 (9th Cir. 2011).) The purpose of the specificity requirement is to ensure that an allegation of fraud "averred with enough particularity to give specific notice to defendants of misconduct so that they can adequately defend against the charge and not simply offer a general denial." (*Jordan v. Paul Financial, LLC*, 745 F.Supp.2d 1084, 1096 (N.D. Cal. 2010) (citing Fed.R.Civ.P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).)

The FAC fails to satisfy the requirements of Rule 9(b). Plaintiff fails to plead all circumstances constituting fraud with particularly. The FAC is silent as to who, when, what, and how each of the alleged misrepresentations were made to plaintiff. Moreover, plaintiff fails to identify which specific allegations are directed at the fraud cause of action; or for that matter, what specific misrepresentations each defendant made. Plaintiff merely asserts conclusory allegations that defendants "did not intend to ensure or to indemnify Yagman" and defendants' "representations in this regard were false and misleading." (FAC, p. 2:20-22.) Plaintiff further alleges, that "defendants committed fraud, both fraud in the factum and fraud in the treaty by making material representations that were false…" (FAC, p. 4:3-5.) These conclusory allegations are insufficient to overcome a motion to dismiss. Plaintiff's factually devoid allegations are insufficient. Consequently, the Court should dismiss plaintiff's cause of action for fraud.

### D.   Plaintiff Cannot Assert a RICO Claim as a Matter of Law.

Plaintiff has a high burden in pleading RICO allegations as "[c]ourts look with particular scrutiny at claims for a civil RICO, given RICO's damaging effects on the reputations of individuals alleged to be engaged in RICO enterprises and conspiracies."

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

3106807.1
3664-3.3728

1   (*Spiteri v. Russo* (E.D.N.Y., 2013) 2013 WL 4806960, at *45.)  As discussed below,

2   plaintiff's allegations fail to state a valid RICO claim.  He has no standing to assert a

3   RICO cause of action, and cannot boot strap simple breach of contract claim—which he

4   also failed to adequately plead—into a RICO violation.  Moreover, plaintiff fails to

5   state a RICO claim against any defendant, because plaintiff does not plausibly allege

6   (1) any purported fraudulent conduct by any defendant, let alone alleging such conduct

7   with the requisite particularity demanded by Rule 9(b); (2) a "pattern" of racketeering

8   activity by defendants; or (3) the purported existence of a RICO "enterprise," let alone

9   any connection between each defendant and any such "enterprise."

10              **i.      Plaintiff Lacks Standing to Assert a RICO Cause of Action.**

11              The gravamen of plaintiff's claims is that he purchased a travel insurance policy,

12   and that defendants did not pay plaintiff's claim for unspecified benefits.  (FAC, pp.

13   2:16-3:18.)  To have standing to bring a claim, a civil RICO plaintiff must plead and

14   prove "(1) that his alleged harm qualifies as injury to his business or property; and (2)

15   that his harm was 'by reason of' the RICO violation, which requires the plaintiff to

16   establish proximate causation." (*Canyon County v. Syngenta Seeds, Inc*. 519 F.3d 969,

17   972 (9th Cir. 2008)) (internal citations omitted.)  Where plaintiff claims injury to

18   property, he must allege "concrete financial loss." (*Id.* at 975 (quoting *Oscar v. Univ.

19   Students Coop. Ass'n.*, 965 F.2d 783, 785 (9th Cir.1992) (en banc).)  However, where

20   there is no financial loss to a specific business or property interest "there is no injury to

21   business or property within the meaning of RICO" and plaintiff has no standing to

22   assert a RICO claim. (*Summerfield v. Strategic Lending Corp.* 2010 WL 3743897, at *3

23   (N.D. Cal. 2010)) (quoting *Canyon County*, at 975.)

24              For this reason, a simple breach of contract or garden-variety fraud claim does

25   not give plaintiff standing to assert a RICO violation.  (*Robert Suris General

26   Contractor Corp. v. New Metro. Federal Sav. & Loan Ass'n.*, 873 F.2d 1401, 1404

27   (11th Cir. 1989); see also *Royce Intern. Broadcasting Corp. v. Field* 2000 WL 236434,

28   at *6 (N.D. Cal. Feb. 22, 2000); *First v. Allstate Ins. Co*., 222 F. Supp. 2d 1165, 1175

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

-12-

Case No. CV15-00921-JAK(JCX)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE

1  (C.D. Cal. 2002); *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 996-
2  997 (C.D. Cal. 2008).)

3        The paltry factual allegations in plaintiff's FAC are insufficient to state a simple
4  breach of contract cause of action, let alone plausibly plead a RICO violation.
5  However, even if plaintiff could state a breach of insurance contract, it is doubtful that
6  he could ever demonstrate that he incurred any injury by reason of a RICO violation.
7  In sum, the FAC fails to show that plaintiff suffered any injury to his business or
8  property, and that such injury was a result of a RICO violation.  Plaintiff's RICO cause
9  of action should be dismissed for lack of standing.

10              ii.      **Plaintiff Failed to Show that Defendants Engaged In the
                        Type of Racketeering Activity Actionable Under RICO.**
11

12        Moreover, plaintiff failed to plead any facts supporting a RICO cause of action.
13  In order to state a valid RICO claim, plaintiff must allege "(1) conduct, (2) of an
14  enterprise, (3) through a pattern, (4) of racketeering activity [predicate act]." (*Jarvis v.
15  Regan*, 833 F.2d 149, 151-52 (9th Cir. 1987) (internal citations omitted).)  To avoid
16  dismissal for failure to state a claim, "plaintiff must plead specific facts, not mere
17  conclusory allegations, which establish the existence of an enterprise." (*Elliott v.
18  Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).)

19              a.      **Plaintiff failed to allege any fraudulent conduct on the
                        part of defendants.**
20

21        The FAC states no facts of any alleged fraudulent conduct by each defendant.
22  "All RICO claims involving fraud must be alleged with particularity under Rule 9."
23  (*Hill v. Opus Corp*. (C.D. Cal. 2011) 841 F.Supp.2d 1070, 1088.)  Specifically, plaintiff
24  must "allege the precise 'time, place, and manner of each fraud plus the role of each
25  defendant in each scheme' to adequately plead such a RICO claim pursuant to Rule
26  9(b)."  (*Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 541 (9th Cir. 1989).)
27  (internal citations omitted.)  Where alleged mail and wire fraud constitute the purported
28  predicate racketeering acts, plaintiff must plead: (1) an intentional scheme to defraud;

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

1   (2) an interstate mailing or wire in furtherance of that scheme; and (3) fraudulent

2   misrepresentations made by each defendant through the wires.  (*Summerfield*, 2010 WL

3   3743897, at *3; see also *Sun Sav. and Loan Ass'n. v. Dierdorff*, 825 F. 2d 187, 195 (9th

4   Cir. 1987).)

5       Plaintiff's RICO claim is premised on an alleged "pattern of racketing activities

6   … including extortion, mail fraud, wire fraud, fraudulent concealment, fraud, and

7   potentially [sic] obstruction of justice."  (FAC, p. 5:6-9.)  However, other than labels

8   and self-serving conclusory statements, plaintiff fails to plead even a single fact relating

9   to the purported fraudulent conduct, let alone identify time, place, manner, and role of

10  each defendant in the fraudulent conduct.

11      **b.      Plaintiff fail to plead existence of an enterprise.**

12      Plaintiff also fails to plead existence of an enterprise.  To establish a RICO

13  enterprise, plaintiff must plead the existence of (1) "an ongoing organization, formal or

14  informal," that (2) "function[s] as a continuing unit" and (3) "is an entity separate and

15  apart from the pattern of activity in which it engages." (*United States v. Turkette*, 452

16  U.S. 576, 583 (1981).  Plaintiff must also show that "defendants conducted or

17  participated in the conduct of the 'enterprise's affairs,' not just their own affairs."

18  (*Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) (quoting *Reves v.*

19  *Ernst & Young, 507 U.S.* 170, 185 (1993).)  "An enterprise that is not a legal entity is

20  commonly known as an 'association-in-fact' enterprise."  (*Stitt v. Citibank, N.A.*, 942 F.

21  Supp. 2d 944, 955 (N.D. Cal. 2013) (quoting *Mitsui O.S.K. Lines, Ltd. v. Seamaster*

22  *Logistics, Inc.*, 871 F.Supp.2d 933, 939 n. 6 (N.D.Cal. 2012).)  With respect to an

23  association-in-fact, Ninth Circuit requires that plaintiff plead "(i) a common purpose of

24  engaging in a course of conduct; (ii) evidence of an 'ongoing organization, formal or

25  informal'; and (iii) evidence that the various associates function as a continuing unit."

26  (*Id.*, (internal citations omitted).)

27      Plaintiff fails to plead facts supporting existence of an enterprise, his allegations

28  are nothing more than conclusory, boilerplate assertions, insufficient to meet the

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

-14-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE

heightened pleading requirements of Rule 9.  Plaintiff avers no facts to demonstrate that defendants engaged in a common course of conduct, were part of an ongoing organization, that the enterprise functioned as a unit, or for that matter, that each defendant was in some way involved in the enterprise to sell travel insurance products to plaintiff.

### c.   Plaintiff fail to plead a "pattern" of racketeering activity.

The FAC fails to plead any legally-cognizable "racketeering activity" at all. "Racketeering activity" is defined as any criminal activity indictable under one of several statutes listed in 18 U.S.C. § 1961(1).  Plaintiff must plead a "pattern" of racketeering activity, consisting of "at least two acts of [indictable] racketeering activity" that proximately caused plaintiff's harm.  (*Howard v. Am. Online Inc.,* 208 F.3d 741, 746 (9th Cir. 2000).)  That is, plaintiff must plead not only that each defendant committed at least two acts of indictable racketeering activity, but also that the racketeering predicates are related to each other and that they amount to or pose a threat of continued criminal activity.  (*Id.* at 750.)

Here again, plaintiff fails to allege any requisite facts, and his allegations are nothing more than labels, conclusory averments, and boilerplate statements.  Plaintiff's FAC asserts that defendants engaged in a "pattern of racketeering activities, as set forth hereinabove" and that the "pattern of racketeering activities included a continuous pattern and practice potentially involving activities, including any potential civil RICO predicates, set forth in the RICO statutes…" (FAC, pp. 4:24-5:3; 5:6-9.)  However, any purported predict acts are found nowhere in the FAC.  Consequently, the FAC does not set forth any plausible facts constituting either an activity in violation of RICO or a pattern of such a activity.  Plaintiff's RICO claims fail.

### E.   Plaintiff Failed to Allege a Cause of Action for Breach of Covenant of Good Faith and Fair Dealing.

Plaintiff fails to state facts on which relief can be granted with respect to his

Case No. CV15-00921-JAK(JCX)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

claim for breach of the implied covenant of good faith and fair dealing ("bad faith"). There are at least two separate requirements to establish a cause of action for bad faith (1) benefits due under an insurance policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause. (*Progressive West Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 277 (2005).) Bad faith involves something more than a breach of contract or mistaken judgment. (*Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co*., 90 Cal. App. 4th 335, 345 (2001).)

To state a claim for bad faith, plaintiff must allege the insurer failed or refused to discharge its contractual duties not because of an honest mistake, bad judgment, or negligence, "but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." (*Id*. at p. 346.)  Thus, in order to plead a claim for bad faith, plaintiff must plead facts demonstrating, first, that there was, in fact, coverage under the policy for the claim and, second, that defendant's denial of benefits was unreasonable or without proper cause.  (*Jordan v. Allstate Ins. Co.* (2007) 148 Cal.App.4th 1062, 1078.)

Here, plaintiff sets forth no facts establishing breach of an insurance contract, let alone facts establishing bad faith on the part of any defendant.  Plaintiff fails to plead any facts establishing that there was coverage under an insurance policy issued by each defendant, that each defendant denied the benefits under a purported policy, and that denial of such benefits by each defendant was unreasonable or without proper cause. Consequently, plaintiff's bad faith cause of action also fails.

**5.  PLAINTIFF'S CLASS ACTION ALLEGATIONS, UNWARRANTED PRAYER FOR PUNITIVE DAMAGES, ATTORNEYS FEES AND INJUNCTIVE RELIEF, AND IMPROPER INSTRUCTIONS REGARDING SERVICE MUST BE STRICKEN FROM THE FIRST AMENDED COMPLAINT.**

**A.  Standard for Motion to Strike.**

Rule 12(f) of the Federal Rules of Civil Procedure empowers a court to strike

-16-

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

1    from a pleading "any redundant, immaterial, impertinent or scandalous matter."  "[T]he

2    function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money

3    that must arise from litigating spurious issues by dispensing with those issues prior to

4    trial…"  (*Sidney-Vinson v. A.H. Robins Co.*, 697 F. 2d 880, 885 (9th Cir. 1993).)

5        A Rule 12(f) motion should be granted where it is clear that the matter sought to

6    be stricken could have no possible bearing on the subject matter of the litigation.

7    (*Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1179 (N.D. Cal. 2001).  The Court may

8    also strike under Rule 12(f) a prayer for relief which is not available as a matter of law.

9    (*Tapley v. Lockwood Green Engineers*, 502 F.2d 559, 560 (8th Cir. 1974); *Susilo v.*

10   *Wells Fargo Bank, N.A.* (C.D. Cal. 2011) 796 F.Supp.2d 1177, 1196.)  A motion to

11   strike is "appropriate to address requested relief, such as punitive damages, which is not

12   recoverable as a matter of law."  (*Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal.

13   2005).)

14       **B.    As a Matter of Law, Plaintiff Is Not Entitled to Assert Class Action**
             **Allegations.**

15

16       "If it is obvious from the pleadings that the proceeding cannot possibly move

17   forward on a classwide basis, district courts use their authority under Federal Rule of

18   Civil Procedure 12(f) to delete the complaint's class allegations."  (*Manning v. Boston*

19   *Med. Ctr. Corp.* (1st Cir. 2013) 725 F3d 34, 59.)  A pro se litigant cannot maintain a

20   class action.  (*McKenzie v. Ellis*, 2012 WL 4050297, at *8 (S.D. Cal. Sept. 13, 2012)

21   aff'd, 541 F. App'x 784 (9th Cir. 2013).)  This is because a "litigant appearing in propria

22   persona has no authority to represent anyone other than himself."  (*Russell v. United*

23   *States*, 308 F.2d 78, 79 (9th Cir. 1962).)

24       Class action allegations in pro se plaintiff's complaint must therefore be stricken.

25   (*Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ["Courts have routinely

26   adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf

27   of others in a representative capacity."]; *Edwards v. Wells Fargo Bank, N.A.*, 2013 WL

28   3467215, at *6 (C.D. Cal.  2013), appeal dismissed (Feb. 27, 2014) ["Accordingly,

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

-17-                    Case No. CV15-00921-JAK(JCX)

1   plaintiffs cannot represent a class in a class action, and the class action allegations in

2   plaintiffs' Complaint must be dismissed."); *McShane v. United States*, 366 F.2d 286,

3   288 (9th Cir. 1966) [Nonlawyer had no authority to appear as an attorney for other

4   persons in a purported class action.].)

5          In his FAC, plaintiff alleges that he is a member of a "discrete class of persons

6   whose defining characteristic is that its members were insureds under agreements of

7   insurance to insure for and to indemnify against risks of cancellation of air travel and

8   who were insured by defendants, who submitted claims on the policies of insurance,

9   and whose claims were not paid." (FAC, 8:14-19.)  Plaintiff seeks to prosecute this

10  action on behalf of the identified class.  Plaintiff is not represented by counsel and

11  cannot maintain any class action allegations.  Consequently, all class action allegations

12  in plaintiff's FAC must be stricken, including those made on pages eight and nine of the

13  FAC.

14  **C.     Plaintiff's Unwarranted Claim For Punitive Damages Must Be
            Stricken from the First Amended Complaint.**

15

16         Plaintiff failed to state any basis for recovery of punitive damages.  Under

17  California Civil Code section 3294(a), punitive damages are recoverable only when it is

18  established by "clear and convincing" evidence that a defendant acted with "malice,"

19  "oppression" or "fraud," as ratified by the corporation, as defined by Sections 3294(b)

20  and (c).  (Cal. Code Civ. Proc., § 3294(a)-(c.).)  Obviously, mere allegations that an

21  insurer breached the contract do not satisfy the test for punitive damages.  (*Shade*

22  *Foods, Inc. v. Innovative Prods. Sales & Marketing, Inc*., 78 Cal.App.4th 847, 909-10

23  (2000); *Tomaselli v. Transamerica Ins. Co*., 25 Cal.App.4th 1269, 1286 (1994)).  The

24  "clear and convincing evidence" standard also requires the evidence to be strong

25  enough to "command the unhesitating asset of every reasonable mind." (*Shade Foods*,

26  *supra*, 78 Cal. App. 4th at 891.)

27         To justify punitive damages, the complained of conduct by defendant must be of

28  such severity or shocking character as warrants the same treatment as accorded to

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

-18-          Case No. CV15-00921-JAK(JCX)

1   willful misconduct, conduct in which the defendant intends to cause harm.  (*Nolin v.*
2   *National Convenience Stores, Inc*. 95 Cal. App. 3d 279, 286 (1979).)  (See also *Toole v.*
3   *Richardson Merrell, Inc*. 251 Cal. App. 2d 689, 711 (1969) (holding actual malice is
4   required in order to hold a corporation liable for punitive damages for acts of its agents
5   or employees).)

6       Moreover, in *G. D. Searle & Co. v. Superior Court* (1975) 49 Cal.App.3d 22,  the
7   court set forth a requirement that the malice requires **intentional** conduct and not
8   merely "wrongful, willful, wanton, reckless or unlawful" and asserted that "that the
9   concept of willful misconduct remains viable only to the extent that some forms of
10  willful misconduct such as intentional acts embody that degree of malice that provides
11  a basis for recovering punitive damages." ((1975) 49 Cal. App. 3d 22, 29.)  (Emphasis
12  added.) Plaintiff must also allege facts that demonstrate an evil motive and intent to
13  injure on the part of defendant.  Mere conclusory averments of malice, oppression and
14  willfulness are insufficient to support and award of punitive damages.  *(Ebaugh v.*
15  *Rabkin* (1972) 22 Cal.App.3d 891, 894 895.)  Further, in *Brousseau v. Jarrett* (1977) 73
16  Cal. App. 3d 864, 872*, the court affirmed the granting of a motion to strike plaintiffs'
17  punitive damage claim because the language in the plaintiffs' complaint characterizing
18  the defendant's conduct as "intentional, willful, or fraudulent" without any supporting
19  facts was conclusory.

20      The conclusory allegations in the FAC do not even rise to the level pled in the
21  *Brousseau* case, much less the stringent pleading requirements imposed on federal
22  pleadings by *Iqbal*.  (*Iqbal*, *supra*, 556 U.S. 678.)  The FAC is devoid of any specific
23  facts, or for that matter, any allegations, that defendants' conduct was "intentional,
24  willful, or fraudulent."   Moreover, plaintiff failed to specifically articulate that
25  defendants made any false representations to plaintiff.  Plaintiff's request for punitive
26  damages should be stricken.

27      **D.   Plaintiff Is Not Entitled to Recover Attorneys' Fees and Such**
        **Allegations Must Be Stricken.**
28

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

3106807.1
3664-3.3728

1    Plaintiff's prayer for attorneys' fees should also be stricken. A pro se plaintiff is

2    not entitled to recover attorneys' fees. (See *Gonzalez v. Kangas*, 814 F.2d 1411, 1411–

3    12 (9th Cir. 1987); *Babineau v. Paramo*, 2014 WL 3529679, at *1, n. 1 (S.D. Cal.

4    2014).) Moreover, plaintiff failed to allege any cause of action or basis which permit

5    recovery of attorneys' fees. Attorneys' fees are generally recoverable only where

6    provided by statute or contract. (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

7    (9th Cir. 1998); Cal. Code Civ. Proc., § 1021*; Amtower v. Photon Dynamics, Inc.*, 158

8    Cal.App.4th 1582, 1601 (2008).) Since plaintiff failed to allege any cause of action

9    which authorizes recovery of attorneys' fees, his prayer for relief for attorneys' fees

10   should be stricken.

11       **E.    There Is No Basis for Plaintiff's Request for Injunctive Relief.**

12   Where plaintiff cannot seek injunctive relief as a matter of law, it is appropriate

13   to strike such request from a prayer for relief. (*Delodder v. Aerotek, Inc.*, 2009 WL

14   3770670, at *3 (C.D. Cal. 2009).) Plaintiff failed to allege any basis which would

15   authorize injunctive relief. As such, plaintiff's prayer for injunctive relief should be

16   stricken from the FAC.

17   **6.    CONCLUSION**

18   The FAC fails to state any claims upon which relief can be granted against

19   defendants Jefferson Insurance Company and Allianz of America, Inc. dba AZOA, Inc.

20   Each of the causes of action against defendants should therefore be dismissed pursuant

21   to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff alleges nothing more

22   than labels and a formulaic recitation of elements of his causes of action. He failed to

23   allege enough facts to state a claim to relief that is plausible on its face with of respect

24   to any cause of action. Plaintiff's class action allegations and prayer for punitive

25   / / /

26   / / /

27   / / /

28   / / /

WALSWORTH

601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL. (415) 781-7072 • FAX (415) 391-6258

3106807.1
3664-3.3728

1  damages, attorneys' fees, and injunctive relief are improper, and without any factual or

2  legal basis, and as such as should be stricken under Rule 12(f) of the Federal Rules of

3  Civil Procedure.

4

5  Dated:  April 7, 2015               WFBM, LLP

6

7

8                                      By:      /s/Laurie E. Sherwood

9                                               LAURIE E. SHERWOOD
                                                ALEXANDER F. PEVZNER

10                                              Attorneys for Defendants
                                                JEFFERSON INSURANCE COMPANY

11                                              AND ALLIANZ OF AMERICA, INC.
                                                dba AZOA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

3106807.1
3664-3.3728

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 601 Montgomery Street, Ninth Floor, San Francisco, CA 94111-2612.

On April 7, 2015, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER FEDERAL RULE 12(b)(6) AND TO STRIKE CLASS ACTION ALLEGATIONS, AND REQUEST FOR PUNITIVE DAMAGES, ATTORNEYS' FEES, INJUNCTIVE RELIEF UNDER FEDERAL RULE 12(f), MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

Stephen Yagman
475 Washington Blvd.
Marina Del Rey, CA  90292-5287
Tel:  310-452-3200
Pro Se Plaintiff

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with WFBM, LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 7, 2015, at San Francisco, California.


*/s/Janice Taheny*
Janice Taheny

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

Case No. CV15-00921-JAK(JCX)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE